MERKLE *v.* REVIEW BOARD OF THE INDIANA EMPLOYMENT SECURITY DIVISION ET AL.

[No. 17,937. Filed February 27, 1950.]

*Elson & Cotton;* and *Willard J. Lassers,* all of Chicago, Illinois, and *Albert W. Ewbank,* of Indianapolis, for appellant.

*Campbell, Gemmill, Browne & Ewer;* and *Jerry W. Torrance,* all of Marion, for appellees.

CRUMPACKER, J.—The appellant, a discharged employee of the appellee, Daly Brothers Shoe Company, sought unemployment compensation under the provisions of the Indiana Employment Security Act. The Review Board found that she was a "chronic absentee without notice and without permission" and decided that such facts constitute misconduct in connection with her work within the meaning of Burns' 1933 (1949 Supp.), § 52-1539; that her discharge was therefore justified and she must suffer the disqualification imposed by the act. She appeals this decision on two grounds. First, she asserts that there is insufficient evidence to support the finding that she was a "chronic absentee without notice and without permission" and second, that even if such finding were justified it does not constitute misconduct in connection with her work within the meaning of the law.

The statute involved is § 52-1539, *supra,* which reads as follows: "An individual shall be ineligible for waiting period or benefit rights: For the week in which he has left work voluntarily without good cause or has been discharged for misconduct in connection with his work, and for the five (5) next following weeks, in addition to the waiting period; Provided, however, That if such individual receives dismissal wages covering a period of time subsequent to such

week the disqualification shall become effective at the end of such period."

Burns' 1933 (1949 Supp.), § 52-1542k, provides that: "Any decision of the review board shall be conclusive and binding as to all questions of fact." This means that we are not at liberty to weigh the evidence. We must accept the facts as found by the board and can disregard them only in the event they are not sustained by any evidence of probative value. *White* v. *Review Board of Indiana, etc.* (1944), 114 Ind. App. 383, 52 N. E. 2d 500; *News Publishing Co.* v. *Verweire* (1943), 113 Ind. App. 451, 49 N. E. 2d 161; *Craddock Furniture Corp.* v. *Nation* (1944), 115 Ind. App. 62, 54 N. E. 2d 295, 55 N. E. 2d 121. We deem a recital of evidence favorable to the board's decision unnecessary further than to say that the testimony of Leslie J. Elsen, personnel manager of the appellee Daly Brothers Shoe Company, who testified from time cards and other records of his company, amply sustains the finding that the appellant was a "chronic absentee without notice and without permission."

Whether or not an employee's chronic absenteeism without notice or permission amounts to misconduct in connection with his work has never been decided in Indiana. We quite agree with the appellant in her contention that the Indiana Employment Security Act is social legislation designed to alleviate, as far as possible, economic insecurity due to unemployment which the act itself declares to be "a serious menace to the health, morale and welfare of the people of this state" and therefore its provisions should be liberally construed in order that the intent of the legislature in that respect shall be made effective. Nevertheless the "intent of the legislature may not be destroyed through judicial interpretation which

broadens the act to include persons never intended to have been included." *News Publishing Co*. v. *Verweire, supra*.

The great majority of the cases on the subject under consideration sustain the rule that "in order to constitute 'misconduct' within the meaning of the unemployment compensation acts excluding employees discharged for 'misconduct' from their benefits, an act must show a wanton or wilful disregard for the employer's interests, a deliberate violation of the employer's rules, or a wrongful intent." Anno., 146 A. L. R. 243. In the foregoing annotation we find a statement from 34 *Halsbury's Laws of England* (2d Ed.), p. 525, to the following effect: "The most general types of cases in which, on proof of the offence, it has been held that employment was lost through misconduct are:—wilful absence from work without leave; . . ." In *Checker Cab Co*. v. *Industrial Comm*. (1943), 242 Wis. 429, 8 N. W. 2d 286, absence without leave was considered, with other offenses, as constituting misconduct in connection with the employer's work. It is our opinion that an employee who is a "chronic absentee without notice and without permission" shows a wilful disregard of the employer's interests and if he is discharged by reason thereof he becomes ineligible for benefits during the week in which he was discharged and the following five weeks in addition to the waiting period.

The decision of the Review Board is affirmed.

NOTE.—Reported in 90 N. E. 2d 524.