Fuld, J.
Margaret Daly died in 1952. She left a will in which she named four executors, one of whom is respondent Janet M. Mackey, an old friend, to whom she bequeathed the sum of $15,000 and some household furnishings. Following the clause designating the executors, the testatrix stated, ‘1 In the event Janet M. Mackey shall serve as Executrix hereunder, I request that.she act without compensation.”
All four of the executors qualified. Despondent advised the other three that she was going to claim commissions. That provoked the present controversy which, it should be noted, neither affects any beneficiary nor the size of the legacies provided by the will. The three appellants contend that the sentence in question is a “ direction ” against respondent’s receiving commissions. Since the gross estate is over $100,000, three full commissions are allowable by law, and they will be *102 split either three or four ways depending upon whether or not respondent is to be compensated. (Surrogate’s Ct. Act, § 285, subd. 8.)
The issue was presented on the accounting proceeding brought by the executors, and the surrogate, ruling against Miss Mackey, found that testatrix intended that she should not receive commissions; accordingly, a commission was awarded to each of the other three. The Appellate Division, however, reversed, unanimously holding that the “ I request ” provision merely denoted the expression of a wish or desire and that the will, read in its entirety, indicated no contrary design. The consequence of the decision was to effect a four-way division of the three full commissions allowed by statute.
We start with the proposition that an executor is entitled to commissions for services rendered (Surrogate’s Ct. Act, § 285), a fact quite obviously known to the testatrix of the will before us. She, as well as any other testator, could, of course, have provided otherwise. She could have specifically directed that, if her nominee serve as executrix, she do so without compensation; but an intention to alter the law’s ordinary operation or change the meaning usually accorded a precatory word will not be inferred ‘ ‘ ‘ unless the context clearly indicates the contrary. ’ ” (Matter of Krooss, 302 N. Y. 424, 428-429.) The language here employed is not clear enough to compel a conclusion different from that reached by the Appellate Division.
In short, as that court held, the will not only fails to disclose a design on the part of testatrix to deny commissions to respondent, but, considered in its entirety, indicates that testatrix’ “ I request ” Avas meant to be precatory, expressive of a wish rather than a command. The will was drafted with care and precision and the probability is that, had a direction or a proviso been intended, language less dubious and ambiguous would have been used. The thought would, more than likely, have been expressed in terms not of request but of command — she ‘ ‘ shall ’ ’ act without compensation — or of proviso — “ provided ” she so act.
The several cases relied upon by appellants, depending as they do upon variant testamentary language and different facts, are plainly distinguishable. Only one merits discussion. In Matter of Kernochan (104 N. Y. 618) the testator, after nominating several executors, requested that “ each executor and *103 trustee, other than my wife, do also receive and take the full rate of commissions provided by law for each executor ”. In holding that the testator intended that his wife was not to receive commissions, the court placed its decision on the ground that 1 ‘ Substantially the whole income of the estate, the result of the management of the executors, of whom she was one, is given to her, and it cannot be supposed that he intended she should also be paid for caring for it ” (p. 631). The present case is completely different. Respondent, as legatee of a sum of money, has no interest in the residue; the commissions which she seeks are compensation for her attention to the interests of the residuary beneficiaries and of the numerous other persons named as specific and general legatees.
The order should be affirmed, with costs to all parties appearing separately and filing separate briefs payable out of the estate.
Conway, Ch. J., Desmond, Dye, Froessel, Van Voobhis and Burke, JJ., concur.
Order affirmed.