JACKSON *v.* REVIEW BOARD OF THE INDIANA EMPLOYMENT SECURITY DIVISION ET AL.

[No. 19,816. Filed June 27, 1963.]

*George W. Brady,* of Muncie, for appellant.

*Edwin K. Steers,* Attorney General, and *Keith Campbell,* Deputy Attorney General, for appellee Review Board.

*Leland B. Cross, Jr.*, and *Ross, McCord, Ice & Miller*, of counsel, both of Indianapolis, for appellee Heinz Manufacturing Company, Inc.

CLEMENTS, J.—This is an appeal from the decision of the Review Board of the Indiana Employment Security Division, which found that appellant had been discharged for misconduct in connection with her work and denied unemployment benefits to the appellant.

The statement of facts and findings and conclusions of the Review Board are set out in full as follows:

"STATEMENT OF FACT: The claimant was a production worker, with 13 years' service, and also a shop steward. As shop steward, claimant attended a meeting on February 7, 1961 between the plant superintendent and the shop committee, which committee was comprised of this claimant and four other workers. The superintendent proposed to the committee the modification of the rule of job assignment, as based strictly on seniority, by taking into consideration also the ability of the worker as a factor. In support of his proposal, the superintendent cited two examples in particular, one being the case of employee Jim Leisure as being better suited to and preferable for wire fabrication than for the job of 'plate racker,' that he was then doing by reason of seniority. The superintendent concluded that it would be to everyone's advantage if the highest skilled employee could do the job in which he had the highest skill. The committee replied that they would take his proposal to the membership, and immediately thereafter the following notice was posted under date of February 7, 1961 and over the signature of the superintendent, viz.

" 'The Company requests that for a period of from 60 to 90 days that all plant wide seniority be waived.

" 'People will be selected for jobs on a basis of ability to perform the work required.

" 'The seniority list will be followed in so far as possible, however selection of employees re-

quired will be solely at the discretion of the Company.'

"That evening, after work, the claimant stopped Jim Leisure in the parking lot and in substance gave him a speech about Congress and the State Legislature and informed him that though he had 'done his dirty work for the company,' they were now going to let him go. The claimant contends that she instead told Leisure that during the meeting the superintendent had mentioned that he had two workers in the plating room putting out bad work, but that 'the company was learning to live with it.' She denied she ever spoke to the other employee on the subject. The claimant contends she so advised Mr. Leisure for his own good and benefit. First thing the next morning, when the superintendent entered the plating room, he was accosted by Leisure who inquired as to 'what the hell was going on.' He said to the superintendent, 'I understood you are going to get rid of me. Are you going to do it right now or do you want me to stay until you get a replacement?' The employee, Leisure, recounted to the superintendent what this claimant had told him the evening before, i.e., how he had done the company's dirty work and now the company was going to get rid of him. The superintendent explained the true circumstances to Leisure, admonished him not to be upset, and advised him to continue at his work and to forget. the matter. The man was so shaken, however, that he was dropping pieces of work and the superintendent ordered the group leader to slow down the plating cycle.

"The claimant was discharged the same day, after the superintendent conferred with other members of management and with the committee. There was evidence of previous rule infractions of the claimant that resulted in warnings and disciplinary action.

"FINDINGS AND CONCLUSIONS: As a matter of ordinary decorum, the proceedings of the meeting between the superintendent and the shop committee of February 7, 1961 should have been confidential. The claimant's betrayal of confidence was the culminating, proximate reason for her discharge

and constituted misconduct on her part, whatever the superintendent said. The claimant's taunting remarks to the employee, Leisure, disserved the superintendent by stirring up the employee to upbraid the superintendent all of which was related to the claimant's work.

"The referee heard and observed the witnesses under oath, and weighed the evidence, of which there is sufficient to warrant his findings and conclusions.

"DECISION: The claimant was discharged for misconduct in connection with her work on February 8, 1961 and the referee's decision in his case No. 61-A-610 issued on March 29, 1961 is hereby affirmed this 12th day of December, 1961."

One member of the Review Board dissented to the decision of the Board.

By statutory mandate under Acts 1957, ch. 299, §6, p. 795, being §52-1542k, Burns' 1962 Cum. Supp., we must accept the facts as found by the Review Board and can disregard them only in the event that they are not sustained by any evidence of probative value, *Massengale* v. *Rev. Bd. of Ind. Emp. Sec. Div.* (1961), 132 Ind. App. 587, 591, 178 N. E. 2d 557, and we can consider only the evidence supporting such findings. *National Furn. Mfg. Co.* v. *Review Board, etc.* (1960), 131 Ind. App. 260, 267, 170 N. E. 2d 381.

It is the well settled rule that the decision of the Review Board as to all questions of fact is conclusive and binding upon this court, and we will not disturb the decision of the Review Board "unless reasonable men would be bound to reach a different conclusion on the evidence"in the record. *Youngstown S. & T. Co.* v. *Rev. Bd., E. S. D.* (1954), 124 Ind. App. 273, 277, 116 N. E. 2d 650; *Adams et al.* v. *Rev. Bd. Ind. Emp. Sec. Div. et al.* (1957), 237 Ind.

63, 69, 143 N. E. 2d 564; *Massengale* v. *Rev. Bd. of Ind. Emp. Sec. Div., supra.*

A careful examination of the evidence in the record before us leads us to the conclusion that there was sufficient evidence of probative value before the Review Board to support its finding that appellant was discharged for misconduct in connection with her work.

The holdings of this court have recognized that the Indiana Employment Security Act should be liberally construed so as to give effect to its beneficent, humane and sound economic policy. However, such liberal construction cannot be used to give benefits to those whom the Legislature has determined are not entitled thereto. *Massengale* v. *Rev. Bd. of Ind. Emp. Sec. Div., supra,* at page 591 of 132 Ind. App.

The decision of the Review Board herein is supported by substantial evidence and is in accordance with the rule of law as adopted and applied to factual situations similar to that presented by the record in this case, and we cannot say as a matter of law that the decision of the Review Board was erroneous.

The decision of the Review Board is affirmed.

Carson, P. J., Cooper and Ryan, JJ., concur.

NOTE.—Reported in 191 N. E. 2d 525.