THOMPSON v. HYGRADE FOOD PRODUCTS CORP. ET AL.

[No. 20,275. Filed September 30, 1965.]

592

*James W. Stilwell,* and *Stilwell, Hackemeyer & Life,* of counsel, of Indianapolis, for appellant.

*Patrick J. Barton,* of Indianapolis, for appellee Hygrade Food Products Corp.

*Edwin K. Steers,* Attorney General, and *Keith Campbell,* Deputy Attorney General, for appellee, Review Board of the Indiana Employment Security Division.

WICKENS, J.—Appellee filed a motion to affirm because of certain omissions in appellant's brief. On leave of court, in the meantime, appellant amended his brief. We therefore now overrule the motion to affirm.

This is a judicial review of a decision of the Indiana Employment Security Division Review Board. In such matters this court acts only for the purpose of exclusive original jurisdictional review, and not as an appellate tribunal. *Ball Bros. Co.* v. *Rev. Bd. of Ind. Emp. Sec. Div.* (1960), 240 Ind. 582, 583, 167 N. E. 2d 469; *State ex rel. Standard Oil Co.* v. *Review Bd.* (1951), 230 Ind. 1, 12, 101 N. E. 2d 60; *Teepe v. Review Board of Indiana Emp. Sec. Div.* (1964), 136 Ind. App. 331, 3 Ind. Dec. 647, 648, 649, 200 N. E. 2d 538, 539.

We are not permitted nor required to substitute our judgment for that of the Board.

The decision of the Review Board as to all questions of fact is conclusive and binding and such decision will not be disturbed unless reasonable men would be bound to reach a different conclusion on the evidence in the record. *Achenback* v. *Review Bd. of Ind. Emp. Sec. Div.* (1962), 242 Ind. 655, 660, 179 N. E. 2d 873; *Jackson* v. *Review Board of Indiana Emp. Sec. Div.* (1963), 135 Ind. App. 22, 1 Ind. Dec. 604, 606, 191 N. E. 2d 525, 527; *Dawe* v. *Review Board of Ind. Emp. Sec. Div.* (1961), 132 Ind. App. 371, 377, 177 N. E. 2d 472; *Massengale* v. *Rev. Bd. of Ind. Emp. Sec. Div.* (1961), 132 Ind. App. 587, 593, 178 N. E. 2d 557.

The question presented is. whether or not appellant, Oliver L. Thompson, was discharged for misconduct in connection with his work and, therefore, ineligible for benefits under Acts 1947, ch. 208, §1501, p. 673 as amended, §52-1539 Burns' 1964 Replacement.

The part of the Board's decision necessary to the determination of that question is: "The Review Board therefore finds the claimant was discharged on January 12, 1964 for misconduct in connection with his work, within the meaning of the Indiana Employment Security Act as it has been construed by the courts." We have examined the decision as well as all of the evidence· in the record. The decision sets forth sufficient facts to support the foregoing ultimate fact, so established and thus settled.

Appellant claims that he was discharged December 23, 1963 when he telephoned a Mr. Mayhew at his employer's place of business and told Mayhew that he, appellant, was ill. There is some evidence to support that contention. There is also evidence that no such call was made and that he was absent without excuse or explanation from December

23, 1963 to January 14, 1964. The latter is the evidence upon which the Board relied and since it has probative value, we are not at liberty to alter the Board's decision.

Appellant also asserts that certain things are established because they are in the record as a part of the findings of a Deputy of the Employment Security Division. The Deputy conducted a preliminary hearing on the matter. However, this is a review of the decision of the Review Board. As in an Industrial Board matter, the decision is based upon a trial de novo and all previous proceedings are taken for naught. *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 119, 26 N. E. 2d 399.

In connection with appellant's employment, the evidence shows, and the Board also found, that during 1963 appellant was tardy 8 times, absent 7 days without report, absent 9 days for personal business and had 121 days of excused compensated illness and 3 weeks of vacation. It is also in the record and finding that the employer's published rules provided dismissal from employment for absence or tardiness without acceptable excuse, including failure to report promptly in case of absence.

This court has previously passed upon what may constitute "persons unemployed through no fault of their own." This must be determined on the facts and circumstances of the particular case. In such matter we have also considered the violation of rules and regulations of the employer. *Chrysler Corp.* v. *Review Board etc.* (1962), 134 Ind. App. 1, 8, 9, 185 N. E. 2d 25.

It has been held that chronic absence without notice and without permission amounts to misconduct

under the Act in question. *Merkle* v. *Review Bd., Emp. Sec. Div.* (1950), 120 Ind. App. 108, 112, 90 N. E. 2d 524.

On the basis of the record, the decision is affirmed.

Prime, P. J., Carson and Faulconer, JJ. concur.

NOTE.—Reported in 210 N. E. 2d 388.