145 Ind. App. 144 (1969)
250 N.E.2d 24
INDIANA BELL TELEPHONE CO.
v.
REVIEW BOARD OF THE INDIANA EMPLOYMENT SECURITY DIVISION.
No. 269A23.
Court of Appeals of Indiana.
Filed August 11, 1969.
*145 Douglas B. McFadden, Hugh Tuck Schulhof, Hyle G. Burke, of counsel, of Indianapolis, for appellant.
Theodore L. Sendak, Attorney General and Gary M. Beplay, Deputy Attorney General, for appellee.
No petitions for rehearing or transfer filed.
PFAFF, C.J.
Our conclusion herein is that the benefits awarded appellee, Brenda M. Johnson, are not justifiable under the facts before us. We reverse, therefore, believing that reasonable men would, upon the record, reach a conclusion opposite that reached by the Review Board. In so doing, we exercise the prerogative allowed by the following authorities: Anderson Motor Serv., Inc. v. Review Bd. of Ind. E.S.D. (1969), 144 Ind. App. 537, 247 N.E.2d 541; Achenbach v. Review Bd. of Ind. Emp. Sec. Div. (1962), 242 Ind. 655, 179 N.E.2d 873; Bootz Mfg. Co. v. Review Board of Ind. Emp. Sec. Div. (1968), 143 Ind. App. 111, 237 N.E.2d 597; Massengale v. Rev. Bd. of Ind. Emp. Sec. Div. (1961), 132 Ind. App. 587, 178 N.E.2d 557.
On October 14, 1967, appellee Johnson, a long distance operator employed by appellant, Indiana Bell Telephone Company, Incorporated, was discharged from her employment. *146 Later, in December 1967, appellant filed its Eligibility Information Report, which stated that said appellee was dismissed because of her excessive tardy time, as well as because of being six months pregnant. The evidence is undisputed that appellee Johnson was a full six months pregnant; and, further, had been tardy on thirty-six separate occasions. Appellee was cautioned about her tardy time on several occasions prior to dismissal. On September 6, 1967, appellee was placed on dismissal warning and told that further tardy time would result in termination of employment. At this time appellee requested a leave of absence covering the remainder of her pregnancy. She was informed that in view of her tardy record, a leave did not seem forthcoming. Thereafter, the benefit committee recommended that the requested leave not be granted. The leave was denied because of excessive tardy time, and this fact was also stated as the basis of dismissal. Separation on October 14, 1967, was also founded upon the medical report showing appellee to have been a full six months pregnant as of that date, and termination of employment was thus additionally based upon appellant's company policy, which did not permit female employees to work beyond the sixth month of pregnancy.
Our first consideration must be whether appellee Johnson's record of tardiness constituted misconduct within the meaning of Acts 1947, ch. 208, § 1501, p. 673, as last amended by Acts 1967, ch. 310, § 19, p. 1162, the same being § 52-1539, Burns' 1968 Cum. Supp., which provides in pertinent part as follows:
"* * * an individual shall be ineligible for any waiting period or benefit rights based upon wages earned from any employer whose employ he has left voluntarily without good cause attributable to the employer or from which he has been discharged for misconduct in connection with his work: * * *"
We believe that as a matter of law the undisputed evidence shows that appellee Johnson's continued tardiness constituted *147 misconduct. Although prior cases defining misconduct have primarily involved absenteeism, we see no reason for limiting misconduct to a situation where an employee is simply chronically absent. Excessive tardiness may easily be disruptive to an employer's affairs. In fact, both unexplained absence and excessive and continued tardiness, as in this case, fall within, in our view, any reasonable definition of a willful or wanton indifference to the best interests of an employer.
While prior declarations of misconduct under the statute have involved chronic absenteeism, Merkle v. Review Bd., Emp. Sec. Div. (1950), 120 Ind. App. 108, 90 N.E.2d 524, and absenteeism coupled with tardiness, Thompson v. Hygrade Food Products Corp. (1965), 137 Ind. App. 591, 210 N.E.2d 388,[1] we are cognizant of the following statement in the case of Chrysler Corp. v. Review Board etc. (1962), 134 Ind. App. 1, 8, 185 N.E.2d 25:
"We recognize that no hard and fast rule can be fixed defining in precise terms what constitutes such misconduct as to deny an employee the benefits of this Act and that each case must be determined upon the particular facts thereof."
The undisputed evidence shows appellee Johnson to have been repeatedly tardy in spite of warnings. Certainly the nature of her employment as a long distance operator was such that her disregard of her starting time on a particular shift operated to the detriment of appellant, and this repeated tardiness constituted a willful disregard of required attendance at the correct time. An employer has a right to expect punctuality.
The decision of the Review Board is contrary to law for a second reason: the undisputed evidence of appellee's pregnancy operated to disqualify her for benefits. Section 52-1539, Burns', supra, specifically establishes this disqualification:

*148 "* * * (2) Separation from employment because of pregnancy shall be construed as within the purview of the disqualification provided herein, * * *."
For the foregoing reasons, the decision of the Review Board is hereby reversed. Costs shall be assessed against the appellees.
Hoffman and Sharp, JJ., concur.
White, J., not participating.
NOTE.  Reported in 250 N.E.2d 24.
NOTES
[1] This court affirmed the decision of the Review Board, which did not allow benefits because of the facts of tardiness and unexcused absence.