INDUSTRIAL LAUNDRY *v.* REVIEW BOARD, INDIANA
EMPLOYMENT SECURITY DIVISION.

[No. 1269A237. Filed May 20, 1970.]

*James W. White* and *Joseph P. Sullivan,* both of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *William S. McMaster,* Deputy Attorney General, for appellee.

WHITE, J.—This is a review of a decision of the Review Board of the Indiana Employment Security Division affirming a referee's grant of benefits under the Indiana Employment Security Act[1] to appellee Eldora M. Powell (claimant) an employee of appellant Industrial Laundry (employer).

The Review Board's entry of its decision includes the following:

"STATEMENT OF FACTS: Claimant worked for the employer herein from February 15, 1968, until she was discharged without warning on August 30, 1968. The employer representative testified that claimant was asked to work on the Saturday before Labor Day to make up a day she had missed the week before; that she did not work and also refused to work one hour overtime when requested. The representative further testified that claimant was absent more than other employees but was not discharged for said reason but rather for her refusal to work overtime and the Saturday before Labor Day.

"FINDINGS AND CONCLUSIONS: The Review Board finds that claimant was employed by this employer from February 15, 1968, until her discharge on August 30, 1968.

"It further finds that claimant was discharged because of her refusal to work overtime and to work on Saturday prior to Labor Day.

"It further finds that claimant was not given a warning by the employer prior to her discharge.

"The Review Board concludes that the employer has failed in its burden of proof to show that claimant has shown a wanton or wilful disregard for the employer's best interests, that she deliberately violated an employer rule, or that there was a wrongful intent on her part. (120 Ind. App. 604 [1950], 94 N. E. 2d 673).

"It further concludes that claimant was discharged but not for misconduct in connection with her work within the meaning of the Act.

"DECISION: The decision of the referee is hereby affirmed this 30th day of October, 1969."

The employer does not question the facts as found by the board, except the ultimate conclusional fact that the claimant

---

1. Ind. Acts 1947, ch. 208, Burns IND. STAT. ANN. (1964 Repl.) §§ 52-1525—52-1563b.

was not discharged for misconduct. The essence of the employer's contention is that "considering the facts enunciated by the Review Board, reasonable men would conclude that the claimant was discharged due to her misconduct in connection with her work", thereby rendering her ineligible for benefits.[2] Nor does the employer suggest we should disapprove of the definition of "misconduct" stated in *Merkle* v. *Review Board* (1950), 120 Ind. App. 108, 112, 90 N. E. 2d 524, and quoted in *Massengale* v. *Review Board* (1950), 120 Ind. App. 604, 608, 94 N. E. 2d 673, 675, as follows: "The great majority of the cases on the subject under consideration sustain the rule that 'in order to constitute "misconduct" within the meaning of the unemployment compensation acts excluding employees discharged for "misconduct" from their benefits, an act must show a wanton or wilful disregard for the employer's interests, a deliberate violation of the employer's rules, or a wrongful intent.' " The Board cited *Massengale* in its decision and obviously made its negative findings as to misconduct with that definition in mind.

While appearing to accept the Board's implied finding that claimant was not discharged for having been absent more than other employees[3] the employer nevertheless attempts to equate this case with the "chronic absenteeism" cases.[4] An ingenious argument is made in attempting to avoid or ignore the fact that only one absence (and one refusal to work over-

2. Section 1501 of the Employment Security Act, Burns IND. STAT. ANN. § 52-1539, reads, in pertinent part: "An individual shall be ineligible for waiting period or benefit rights: For the week in which he . . . has been discharged for misconduct in connection with his work, and for all weeks subsequent thereto. . . ."

3. This negative finding is implied by the affirmative finding which states but one cause of discharge: "her refusal to work overtime and to work on the Saturday prior to Labor Day." In its condensed recital of the evidence under the heading "Statement of Facts", the Board recites that the employer's representative testified that claimant was absent more than other employees, but was not discharged for that reason.

4. *Merkle v. Review Board, supra,* (120 Ind. App. 108, 90 N.E. 2d 524); *Thompson v. Hygrade Food Prod. Corp.* (1965), 137 Ind. App. 591, 210 N.E. 2d 388; *Anderson Motor Serv., Inc. v. Review Board* (1969), 144 Ind. App. 537, 247 N.E. 2d 541; *Ind. Bell Tel. Co. v. Review Board* (1969), 145 Ind. App. 144, 250 N.E. 2d 24.

time) was found to be a cause for the dismissal. The appellant-employer's brief states:

> ". . .[T]he claimant had been absent several times during the six months she had worked for the Appellant. . . . The employer had cooperated with the claimant and had accepted her excuses for these absences. *The employer expected the claimant to return his consideration by working extra hours occasionally to help him meet a tight schedule."* (Emphasis added.)

The employer cites neither evidence nor fact recited by the Board to support the suggestion that the employer's acceptance of the claimant's "excuses" for her prior absences was conditional in any sense whatever nor that the claimant had ever been informed that the employer "expected" anything in return for acceptance of the excuses. Subjectively her supervisors may have anticipated that claimant would be grateful and would express her gratitude through improved cooperation. Conversely, she could have assumed, when her excuses were accepted without any suggestion that acceptance was conditional or was a favor, that her supervisors considered her absences justified and that justifiable absences were her recognized right. These possibilities, however, are purely speculative, just as appellant's suggestion that claimant knew that her refusal to work created a great hardship on the employer. All are reasonable guesses, but neither the Board nor this court can base its decisions on guesswork.

In this respect the Board's finding that no warning was given is significant. In both the *Anderson Motor Service* case (247 N. E. 2d 541) and the *Indiana Bell* case (250 N. E. 2d 24) warnings given to the employee prior to absence or tardiness resulting in discharge served to eliminate guesswork and justify the inference that continued absence or tardiness was the product of wilful or wanton indifference to the best interest of the employer. In the *Hygrade Food* case (137 Ind. App. 591, 210 N. E. 2d 388) it was violation of the employer's published rules providing dismissal for absence or tardiness

without acceptable excuse. In the *Merkle* case (120 Ind. App. 108, 90 N. E. 2d 524) the claimant was found by the board to be a "chronic absentee without notice and without permission". Which is to say, that repeated unexcused absences may be sufficient to justify an inference of wilful disregard of the employer's interests. Excused absences have never been so held.

The burden of proving claimant's misconduct rests on the employer. *A. Winer, Inc.* v. *Review Board* (1950), 120 Ind. App. 638, 641, 95 N. E. 2d 214; *Boynton Cab Co.* v. *Giese* (1941), 237 Wisc. 237, 296 N. W. 630. The Board found (or concluded) not that claimant was free of misconduct but "that the employer has failed in its burden of proof to show that claimant has shown a wanton or wilful disregard . . ." or deliberate rule violation or wrongful intent. This is a negative finding in that it is a finding against the party on whom rests the burden of proof. Such a finding does not rest on the *quantum* of the evidence. The party having the burden of proof cannot challenge it on the ground that it is not supported by the evidence. *Leckrone* v. *Lawler* (1954), 125 Ind. App. 35, 37, 118 N. E. 2d 381; *Myers* v. *Brane* (1944), 115 Ind. App. 144, 150, 57 N. E. 2d 594; *Wilson, Admx.* v. *Rollings* (1938), 214 Ind. 155, 158, 14 N. E. 2d 905. It is only by showing that the evidence entitles him to a finding in his favor that a party having the burden of proof can show that the finding against him is contrary to law. *Wilson, Admx.* v. *Rollings, supra.*[5]

The employer quotes *Chrysler Corp.* v. *Review Board* (1962), 134 Ind. App. 1, 8, 185 N. E. 2d 25, to the effect that

---

5.  The mere fact that in *A. Winer, Inc., supra,* (120 Ind. App. at 642) we said that a finding that an employer had not sustained the burden of proving misconduct "is supported by evidence of probative value and must therefore be affirmed", should not be misunderstood. We did not say that evidence of probative value was required to support a failure of proof. But obviously when there is evidence of probative value tending to prove a negative, a finding that the party with the burden of proving the positive has failed to sustain that burden must be affirmed. It must also be affirmed when the evidence is insufficient to prove either the positive or the negative.

no hard and fast rules can be laid down for determining what constitutes misconduct and that only general principles can be stated for the Board's guidance. That statement is typical of generalities which can be quoted to justify a variety of results. It certainly supports an affirmance of the Board's ultimate conclusion in this case. Its effect is to say that the Board possesses a discretion which should not be narrowly confined by "hard and fast rules". This is not only consistent with the declared purpose of the act, but also with the more extensive practice of establishing administrative boards empowered to find facts and resolve disputes in the execution of remedial legislation within narrowly specialized fields. Such boards acquire a collective expertise out of their exclusive concern with particular areas of involvement. That expertise is employed in the finding of ultimate and conclusory facts. The specialized knowledge of these experts equips them to find these facts with a greater degree of accuracy and less procrastination than would be normal for those without such experience. Courts and judges, on the other hand, are presumed to be expert in interpretation of the law, including the statutory law under which these boards operate. It is the duty of reviewing courts to enunciate rules evolved from sound statutory interpretation and to examine administrative decisions brought to them for review merely to enforce compliance with those rules and not to dictate the conclusions to be reached. See e.g., *Williamson* v. *Review Board* (1969), 145 Ind. App. 266, 250 N. E. 2d 612, 18 Ind. Dec. 403; *Gray* v. *Powell* (1941), 314 U. S. 402; Brown, FACT AND LAW IN JUDICIAL REVIEW, 56 Harvard L. Rev. 899, 925, 926 (1943).

This seems a most appropriate case in which to rely on the Board's expertise. It is not necessary to affirmance that we be convinced that we would have reached the same conclusion had we been members of the Board. But it is necessary to a reversal that we be convinced that reasonable men would have been bound to reach a different con-

clusion on the facts found. *International Steel Co.* v. *Review Board* (1969), 146 Ind. App. 137, 252 N. E. 2d 848, 849, 19 Ind. Dec. 618, 620; *Vogelgesang* v. *Shackelford* (1970), 146 Ind. App. 248, 254 N. E. 2d 205, 219, 20 Ind. Dec. 50, 73. At most, the appellant-employer may have shown that reasonable men *could* have reached a different conclusion; but, not that they were *bound* to do so.

The decision of the Review Board of the Indiana Employment Security Division is affirmed and costs are assessed against the appellant.

Hoffman, P.J., Pfaff and Sharp, JJ., concur.

NOTE.—Reported in 258 N. E. 2d 160.