JAMES L. WHITE *v.* REVIEW BOARD OF THE INDIANA EMPLOYMENT SECURITY DIVISION.

[No. 1071 A 221. Filed March 21, 1972.]

*Russell E. Lovell, II*, of Indianapolis, for appellant.

*Theodore L. Sendak*, Attorney General, *Darrel K. Diamond*, Deputy Attorney General, for appellee.

SULLIVAN, J.—Appellant-claimant (employee) appeals from a negative award by the Review Board of the Indiana Employment Security Division (Board) denying unemployment compensation benefits following his discharge for "misconduct" by General American Transportation Corporation (employer). In denying such benefits, the Board affirmed the earlier determinations of both the hearing deputy and the Referee. The findings and conclusions of the Board are as follows:

"FINDINGS AND CONCLUSIONS: The Review Board finds that claimant worked for this employer as an arc welder from October 13, 1965, until his termination on July 22, 1970.

It further finds that claimant was absent from work 15 days during the period January 1, 1970, through July 15, 1970, his last workday.

It further finds that he was given written notice of a 5-day suspension, pending discharge, on July 16, 1970, when he did not appeal the suspension or contact the employer, the discharge became effective.

It further finds that claimant had received other prior warnings regarding his absenteeism.

It further finds that claimant contended his absences, upon which the discharge was based, were caused by his wife's illness which necessitated his remaining at home to care for his minor children.

It further finds that claimant's extended and chronic absences constituted a course of conduct which the Board determines was below that which an employer has a right to expect of its employees.

It further finds that claimant's action was in disregard of the employer's best interests.

The Review Board concludes that claimant was discharged by the employer for misconduct in connection with his work within the meaning of the Act."

## FINDINGS OF BOARD DO NOT SHOW APPLICATION OF ERRONEOUS STANDARD FOR JUDGING EMPLOYEE'S CONDUCT

The employee asserts that the Board in finding that his action "was in disregard of the employer's best interests" clearly indicates employment of an erroneous standard to determine whether the employee's absences constituted "misconduct" within the meaning of IC 1971, 22-4-15-1, Ind. Ann. Stat. § 52-1539 (Burns 1971 Supp.), the applicable statute. The employee cites *Merkle* v. *Review Board* (1950), 120 Ind. App. 108, 90 N. E. 2d 524 in support of his contention that mere disregard of the employer's best interests will not suffice as statutory misconduct but rather that such misconduct must show a *"wanton* or *willful* disregard for the employer's interests, a deliberate violation of the employer's rules or a wrongful intent." (Emphasis supplied). 120 Ind. App. 108, 112.

In *A. Winer, Inc.* v. *Review Board* (1950), 120 Ind. App. 638, 95 N. E. 2d 214, the Appellate Court gave some dimension to the terminology earlier used in the *Merkle* case, *supra.* In *Winer,* the court defined statutory misconduct as follows:

> "It is conduct 'evincing such wilful or wanton disregard of an employer's interests as is found in deliberate violations *or disregard of standards of behavior which the employer has the right to expect of his employee,* or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, *or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.'* " (Emphasis supplied).

And still later in *Tyler* v. *Review Board* (1956), 126 Ind. App. 223, 228, 132 N. E. 2d 154, the court quite appropriately stated:

> "In connection with her said first proposition, appellant adds that the Board did not find that 'she was guilty of willful and wanton disregard of the employer's interest.' No authority is cited holding that the Board must find such

facts in any certain words. Further, the nature and appropriateness of the facts found by the Board rests, we think, in the circumstances made manifest by the evidence in each particular case. The properly substantiated act or conduct of the employee may, in one case, show a wanton or willful disregard of the employer's interest, and in another case a deliberate violation of the employer's rules, while in yet another case, a wrongful intent; and the evidence in a particular case may be such as to show, as frequently appears, acts or conduct encompassing several or all of the noted infractions evidencing 'misconduct' within the meaning of the unemployment compensation acts.

The Review Board, composed, as it often is, of men of practical knowledge and perhaps without legal training, is not stifled in its proceedings and exercise of statutory functions by the technical niceties that often embarrasses the dispensation of justice in the orthodox legal forums. And if its findings, taken in entirety and in relative proportion, make manifest that the acts and conduct of the claimant in one or more particulars constitute "misconduct" within the meaning of the Unemployment Compensation Act, as such 'misconduct' has been interpreted and defined by our courts, [see *Merkle* v. *Review Board., Emp. Sec. Div.* (1950), 120 Ind. App. 108, 90 N. E. 2d 524; *A. Winer, Inc.* v. *Review Bd., Emp. Sec. Div.* (1950), *supra,*] such findings, in that particular, are sufficient to support the Board's decision without the necessity on the part of the Board of expressing such misconduct in any particularized words or any technical language."

It is, therefore, apparent that the mere failure on the part of the Review Board here to use in its Findings and Conclusions the words "wanton or wilful" does not evidence the application of an erroneous standard for measurement of the employee's conduct. The employee's assertion in this regard is therefore not cause for reversal.

## EMPLOYER DID NOT FAIL, AS MATTER OF LAW, TO CARRY ITS BURDEN OF PROOF CONCERNING EMPLOYEE MISCONDUCT AS CAUSE FOR DISCHARGE

The appellant-employee next contends that there is a lack of substantial evidence to support the finding that his ab-

senteeism constituted wanton or wilful disregard for the employer's interests. While we agree with the employee's statement that the burden in the first instance rests upon the employer to prove claimant's misconduct (*Industrial Laundry* v. *Review Board* (1970), 147 Ind. App. 40, 258 N. E. 2d 160), it is equally true that the burden is upon an appellant to demonstrate to the court upon review that reversible error exists.

The evidence of record shows that in addition to the 15 individual days unexcused absence specifically mentioned by the Board, the employee was, during January-July, 1970 absent for a 53 day authorized leave period due to extended illness. The record further discloses that earlier on August 6, 1969 the employee received a verbal warning concerning his absenteeism; that on August 13, 1969 he received a written warning; that he was suspended for five days from September 4, 1969 through September 10, 1969 for absenteeism; that he was again suspended for one day on September 15, 1969 and that he received another five day suspension on March 17, 1970, although the latter suspension was rescinded by the employer.

We believe the evidence concerning the employee's prior absences distinguishes the case here from *Industrial Laundry* v. *Review Board, supra,* relied upon by the employee. In that case, the court concluded that the Review Board's finding that no warning was given to the employee by the employer precluded the latter from equating his case with "chronic absenteeism" cases. As stated in the *Industrial Laundry* case:

"In both the *Anderson Motor Service* case (247 N. E. 2d 541) and the *Indiana Bell* case (250 N. E. 2d 24) warnings given to the employee prior to absence or tardiness resulting in discharge served to eliminate guess work and justify the inference that continued absence or tardiness was the product of wilful or wanton indifference to the best interest of the employer." 258 N. E. 2d 160, 163.

While the employee here concedes that the evidence supports the Board's finding that his absences were extended and that he had received prior warnings regarding such absences, he nevertheless asserts that the evidence as a matter of law shows that such absences were not chronic and were occasioned solely by the necessity to care for his sick wife and in her absence, his children. Employee's principal argument in this regard is that since he stated a good personal reason for the absences, they must as a matter of law be excused.

The employee's assertion that his absences were occasioned solely by concern for the well being of his wife and children is belied by his request for appeal to the Review Board from the determination of the Referee. That appeal request reads as follows:

"I disagree with the Referee's decision. *I was sick and unable to report for work.* I always called in to report off from work. The Referee was wrong in his decision denying me benefits. It was not misconduct, but for convenience of employer that I was fired." (Emphasis supplied).

Further in this connection, it is perhaps of note that employee offered no evidence concerning efforts, good faith or otherwise, to obtain care other than his personal attention to his wife's illness or with reference to a baby sitter for his children while his wife was hospitalized. Most every wage earner, at various periods during his productive life, faces family emergencies and matters of urgent personal nature. Such absences may if reasonable and not habitual be excused. We cannot in this instance, however, impose a mandatory label of reasonableness upon Mr. White's absences.

To be sure, the absences by the employee here do not evidence moral culpability but such is not requisite to a finding of industrial misconduct. As recently noted in *Western Electric Co.* v. *Review Board* (1970), 147 Ind. App. 645, 263 N. E. 2d 184, fault within the

meaning of the Employment Security Act is not necessarily something blameworthy, culpable, or worthy of censure. We further recognize that the Employment Security Act is intended to benefit persons unemployed through no fault of their own.

There is not, nor can there be an ironclad rule of thumb by which we could in every case reviewed upon appeal, state as a matter of law that absenteeism either is or is not chronic or habitual. *Anderson Motor Service, Inc.* v. *Review Board* (1969), 144 Ind. App. 537, 247 N. E. 2d 541. In this regard, whether unemployed persons are without fault must be determined upon the facts and circumstances of the individual case. *Thompson* v. *Hygrade Food Products Corp.* (1965), 137 Ind. App. 591, 210 N. E. 2d 388.

While we might, were we the trier of fact in the instant case, conclude that such absenteeism as demonstrated by the employee here was not, for the 15 day period specifically mentioned in the Board's findings, chronic or habitual, we nevertheless cannot in view of the totality of the evidence state as a matter of law that Mr. White's absences were *not* chronic or habitual. As stated in *Thompson* v. *Hygrade Food Products Corp., supra:*

> "The decision of the Review Board as to all questions of fact is conclusive and binding and such decision will not be disturbed unless reasonable men would be bound to reach a different conclusion on the evidence in the record." 137 Ind. App. 591, 593.

Accordingly it is our duty to, and we hereby do, affirm the decision of the Review Board.

White, P.J. and Buchanan, J., concur.

NOTE.—Reported in 280 N. E. 2d 64.