**CARTER INDUSTRIAL SERVICES, INC., Appellant,**

v.

**REVIEW BOARD OF the EMPLOY-MENT SECURITY DIVISION, Michael L. Holloman, Appellees.**

**No. 2–781A256.**

Court of Appeals of Indiana,
Third District.

Jan. 6, 1982.

Wesley D. Schrock, Peck, Peck, Shearer & Schrock, Anderson, for appellant.

Linley E. Pearson, Atty. Gen., Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for appellees.

GARRARD, Judge.

The employer appeals from a decision of the Review Board awarding unemployment compensation to a discharged employee. The employer asserts the decision was contrary to law and that it was denied due process in the review procedure. We disagree and affirm.

The salient facts may be restated as follows: The employee, Holloman, had several absences from work. The employer had a published work rule which provided a point system for absence and tardiness and called for discharge when an employee accumulated sixty (60) points. On September 4, 1980, Holloman's supervisor told Holloman that if he had another unexcused absence he would be given a one week layoff. However, on September 23, 1980, Holloman was discharged. At that time he had accumulated forty (40) points under the employer's point system. Assuming the discharge was a proper exercise of management's prerogatives, was it "for just cause" within the meaning of IC 22–4–15–1?

■ Two points must be noted at the outset. The burden of establishing that a discharge is for just cause is on the employer. *Wakshlag v. Rev. Bd.* (1980), Ind.App., 413 N.E.2d 1078; *Industrial Laundry v. Rev. Bd.* (1970), 147 Ind.App. 40, 258 N.E.2d 160. On appeal we may not reverse unless a reasonable man would be bound to reach a different conclusion on the evidence. *White v. Rev. Bd.* (1972), 151 Ind.App. 426, 280 N.E.2d 64.

In *White* Judge Sullivan reviewed the prior decisions concerning the necessity that the employee's conduct evince a disregard for the best interests of the employer. The court interpreted the "wanton or willful" standard spoken of in earlier cases. In *Industrial Laundry, supra,* the court found in this context significance in the fact that no warning had been given the employee concerning her refusal to work overtime on a holiday. The court sustained the board's conclusion that the employer had not carried its burden of proof.

■ The case before us is similar. Here Holloman was warned, but the warning was *misleading.* His supervisor warned that he could receive a one week layoff. The company warned that if, or when, he accumulated sixty points he could be discharged. The board could reasonably have inferred from the structure and operation of the point rule that the employer had thereby fixed the standard as to when it would consider absenteeism to have progressed to the stage of a wanton/willful disregard of its business interests. Since Holloman's misconduct did not reach that level the board could have concluded that the burden of proof remained unmet. In the alternative the board could have concluded that since Holloman's conduct did not meet the company's own discharge requirements for absenteeism, that his absence was merely a pretext for the termination. Since, however, no alternative reason for the discharge was offered, the board would again be justified in concluding the burden of proof was unmet. Under these circumstances we cannot say that any reasonable mind would have reached the opposing conclusion. We must therefore affirm the board.

■ The employer next claims it was denied due process by the notice of hearing requirements employed by the board.

Because the claimant moved prior to the hearing, the board scheduled a split hearing, I.E.S.B. Regulation 1003. The hearing for the claimant was held April 14, 1981, and the employer had notice of it. The employer failed to appear at the hearing scheduled for it on May 5, 1981.

The employer asserts that due process was violated because the board sent notice of the May 5 hearing by ordinary first class mail. It asserts certified mail should be required. We cannot agree. Here the record showed that notice to the employer was timely sent. The employer's claim is clearly within the issue resolved by the Fourth District in *Osborn v. Rev. Bd.* (1978), Ind. App., 381 N.E.2d 495. We adhere to the holding in *Osborn* and conclude there was no denial of due process.

The decision is therefore affirmed.

HOFFMAN, P. J., and STATON, J., concur.