**Niloufar L. ALLEN, Appellant-Plaintiff,**

v.

**M.D. SCHERER, University Registrar, both individually and in his official capacity; The Standing Committee on Residency, both individually and in their official capacity; The Trustees of Indiana University, both individually and in their official capacity; and Indiana University, Appellees-Defendants.**

No. 1–1082A304.

Court of Appeals of Indiana, First District.

Aug. 24, 1983.

Rehearing Denied Sept. 21, 1983.

Kenneth J. Allen, Allen & Sarkisian, Merrillville, for appellant-plaintiff.

Michael R. Conner, Barnes & Thornburg, Indianapolis, Cliff K. Travis, University Counsel Indiana University, Bloomington, for appellees-defendants.

ROBERTSON, Presiding Judge.

This is an appeal from the judgment of the Monroe Circuit Court affirming Indiana University's (University) administrative denial of Niloufar Allen's (Allen) application for classification as a resident student for fee paying-purposes.

We affirm.

The facts leading up to the University's adverse decision are essentially undisputed. Allen was born in Tehran, Iran, and resided in and attended secondary school in Sussex, England, from 1972 until 1978. Allen met her husband and counsel of record, Kenneth Allen (Kenneth), in September, 1976, while he was a visiting student at Cambridge University.

Allen moved to Indiana in August, 1978, and immediately enrolled at Indiana University (I.U.) as a full time student. She was classified as a nonresident for fee-paying purposes. In December, 1978, she became engaged to Kenneth. At the conclusion of the 1978–79 school year, Allen visited her parents in Spain, but then returned for the second summer session at I.U. She continued to attend I.U. through the 1979–80 school year. On May 27, 1980, she married Kenneth.

On June 19, 1980, Allen applied for classification as an Indiana resident for the summer 1980 session. The registrar rejected the request. Allen appealed the decision and on September 4, 1980, the Standing Committee on Residence (Committee) held a hearing. On September 9, 1980, the Committee notified Allen by letter that it too was rejecting her application for residency status. The rules provide for a twelve month durational residency requirement, i.e., residence in Indiana for twelve months after the tests of residency have been satisfied. Allen claimed in her application that she became a resident for fee-paying purposes at the time she became engaged to Kenneth. The Committee claimed that she did not become a resident for fee-paying purposes until the time of her marriage to Kenneth. The registrar noted that as of May, 1981, Allen would be considered a resident for fee-paying purposes.

On September 19, 1980, Allen filed her "Verified Petition for Judicial Review of Final Administrative Determination" in the Monroe Circuit Court, seeking to have her classification reversed. The trial court entered its findings of fact, conclusions of law, and judgment denying Allen's petition for review on July 6, 1982.

Allen raises the following three issues on appeal:

1. Whether the trial court erred in affirming the University's administrative decision when the Committee failed to make sufficient findings of fact.

2. Whether the trial court erred in affirming the Committee's administrative decision when its findings were in complete disregard of the evidence and its conclusion unreasonable.

3. Whether the trial court erred in denying Allen's motion to compel answers to certain interrogatories.

In regard to the first issue, we note that Allen failed to allege insufficient findings of fact in her Petition for Judicial Review. She never made the sufficiency of the findings an issue below prior to including it in her motion to correct errors. A party may not raise an issue in a motion to correct errors, or on appeal, that was not raised in the trial court. *Zeigler Building Materials, Inc. v. Parkison,* (1980) Ind.App., 398 N.E.2d 1330. Accordingly, Allen's failure to allege insufficiency of the findings of fact at the trial court level results in a waiver of that issue. Nevertheless, we shall proceed to examine this issue on the merits as argued in Allen's brief.

▮ A distinction needs to be drawn between basic findings of fact and ultimate findings of fact. Basic findings are facts which the agency determines, after considering all the evidence, to be true and relevant to the factual determinations which must be made in order to decide the case. Ultimate findings are conclusions which flow rationally from the basic findings. Unlike basic findings, they may be conclusions of law or mixed conclusions of law or policy and fact. *Charles W. Cole and Son v. Indiana and Michigan Electric Co.,* (1981) Ind.App., 426 N.E.2d 1349.

▮ The Committee is an administrative agency of the State of Indiana. *See,* Ind. Code 20–12–1–2 through 20–12–1–4. An administrative agency must set out written findings of fact in support of its decision. *Hawley v. South Bend Dept. of Redevelopment,* (1978) 270 Ind. 109, 383 N.E.2d 333. This is true even when the decision is to deny a petition or application. *Metropolitan Bd. of Zon. App. of Marion County v. Graves,* (1977) 172 Ind.App. 459, 360 N.E.2d 848. The purpose of this rule is to facilitate judicial review. *Perez v. United States Steel Corp.,* (1981) Ind., 426 N.E.2d 29.

In the case at bar, the facts of Allen's background up to the time of the hearing were uncontested. At the hearing, the Committee set forth the following findings of fact:

1. You attended Micklefield School, Seaford/Sussex, England, from 1972 to 1976.
2. You attended North Corner Lewes/Sussex, England, from 1976 to 1978.
3. You entered Indiana University in August, 1978, as a full-time student and were correctly classified as a non-resident for fee-paying purposes. You have been continuously enrolled since August, 1978.
4. You became engaged in October, 1978, to Kenneth Allen, an Indiana resident, who was enrolled at Indiana University-Bloomington.
5. You married Kenneth Allen on May 27, 1980.
6. You applied for and have received a permanent visa after your marriage.

▮ Allen argues that the Committee was required to make a finding as to each of the sixteen standards enumerated in University Rule No. 4 for determining resident and nonresident status. We reiterate that the purpose of the findings of fact is to facilitate judicial review. The specificity required to enable a court to intelligently review an agency decision will necessarily vary from case to case, depending upon the quantity and complexity of the evidence introduced. *Charles W. Cole & Son, Inc. v. Indiana & Michigan Electric Company, supra.*

▮ While the findings would have been more precise had the Committee listed them in relation to the Rule 4 standards, we do not find this defect to be crucial. Here, the trial court had no problem reviewing the Committee's decision. There was never any dispute with respect to the basic facts underlying the reasons behind the Committee's decision or the reasons Allen felt she was entitled to resident status. Allen has, in fact, made specific arguments addressed to those reasons. Hence, we conclude that the findings sufficiently address the ultimate issue in this case, that is, whether to view Allen's marriage as opposed to her engagement, as a change of predominate purpose.

▮ Secondly, Allen contends that the trial court erred in affirming the Committee's administrative decision when its basic facts were in complete disregard of the evidence and its conclusion unreasonable. In reviewing the action of administrative agencies, courts fulfill a limited function. Judicial review of an administrative determination is limited to a determination of whether the agency possessed jurisdiction over the matter, whether the order was made in accordance with proper legal procedure, whether it was based upon substantial evidence, and whether it violated any constitutional, statutory, or legal principles. *Clarkson v. Dept. of Ins. of State of Ind.,* (1981) Ind.App., 425 N.E.2d 203.

■ In ascertaining whether the agency determination is proper, Indiana courts are not at liberty to weigh the evidence and substitute their judgment for that of the administrative body. *Pub. Serv. Comm. v. Chicago, Indpls., and Louisville Rwy. Co.,* (1956) 235 Ind. 394, 134 N.E.2d 53. Moreover, courts cannot reverse an administrative decision unless reasonable persons would have been bound to reach a different conclusion. Where the findings could reasonably have given rise to two different inferences, the inference chosen by the agency must be sustained even though the court might have chosen a different inference. *Industrial Laundry v. Review Bd. of Ind. Employment Security Division,* (1970) 147 Ind.App. 40, 258 N.E.2d 160.

■ Allen argues that the twelve month durational residency period began to run in December, 1978, when she became engaged to Kenneth. At the hearing before the Committee, Allen professed an intent to stay in Indiana beginning at the time of her engagement. She showed the Committee a loan application and other documents, including immigration papers, which listed a Merrillville address as her place of permanent residence. She introduced evidence showing that she and her husband owned the parties' automobile jointly, and that it was registered in Indiana, that all personal property owned by her was located in Indiana, that the only civic organization to which she belonged was an Indiana organization, i.e. the Union Board, and that she had not traveled abroad for two years preceding the date of her application.

The Committee, on the other hand, also had evidence supporting its decision. For example, a substantial amount of Allen's income had been derived from outside Indiana. The only taxes she paid to Indiana prior to 1980 were sales tax which any sojourner would pay. She paid no Indiana property tax. She did hold an Indiana driver's license. She was not registered to vote in Indiana. She did not own Indiana real property. She had spent a recent vacation with her parents in Spain, and she was not admitted to an Indiana profession.

Clearly, factual support can be found for each argument in this case. Differing inferences could easily be drawn from the evidence presented. This evidence in combination with our standard of review gives us no choice but to sustain the Committee's decision. We cannot say that reasonable persons would have been bound to reach a different conclusion. Although Allen's intent to reside in Indiana at the time of her engagement may have been just as serious as her intent at the time of marriage, we cannot ignore the significance of a legally binding commitment, such as marriage. This is an act unquestionably sufficient to exhibit a change in predominant purpose.

■ Finally, the last issue is whether the trial court erred in denying Allen's motion to compel answers to interrogatories concerning past Committee decisions. Allen contends that the court precluded her from introducing evidence at the trial to establish a pattern of discrimination against non-immigrant aliens or immigrant aliens in past Committee decisions. A trial court exercises judicial discretion in ruling upon discovery matters and an appellate court will interfere only upon a showing of an abuse of that discretion.

■ The record shows that in an attempt to correct any possible error, the trial court, upon request by Allen at the pretrial conference, agreed to reopen the issue. The trial court agreed to reconsider the matter, but Allen failed to raise the issue again. By failing to raise the issue after the trial court indicated it would reconsider, Allen has waived any error. *See, Chustak v. NIPSCO,* (1972) 259 Ind. 390, 288 N.E.2d 149; *See also, Minton v. State,* (1978) 269 Ind. 39, 378 N.E.2d 639 (The supreme court in following *Chustak* found waiver when defendant proceeded to trial without a ruling on his motion for a continuance). Moreover, Allen objected at trial on relevancy grounds to the admission into evidence through M.D. Scherer, the University Registrar, of the very information she sought to discover. She consequently has no valid complaint on appeal.

Allen also sought to find out the breakdown of how each Committee member voted on her appeal. She contends that she was entitled to know if the Committee had two students on it as required by the Committee's own rules. The record shows that at trial, Allen failed to question Registrar about the makeup of the Committee. In addition, she failed to raise the issue in her petition for review or at trial. Thus, the issue is waived. *See, Zeigler Building Materials, Inc. v. Parkison, supra; See, also, Davis Administration on Treatise* § 20.06 p. 96 (1958).

For all the foregoing reasons, we affirm the decision of the trial court.

RATLIFF and NEAL, JJ., concur.