Stephanie **MARSDEM**, Appellant–Petitioner,

v.

**REVIEW BOARD OF the INDIANA DEPARTMENT OF WORKFORCE DEVELOPMENT, Mable Martin–Scott, George H. Baker, and Mark T. Robbins, as members of and as constituting the Review Board of the Indiana Department of Workforce Development and CIC Enterprises, Appellees–Respondents.**

No. 93A02–9412–EX–765.

Court of Appeals of Indiana.

Aug. 29, 1995.

Rehearing Denied Nov. 6, 1995.

⊚⇒566

Christopher B. Haile, Tracy T. Pappas, Legal Services Organization of Indiana, Inc., Indianapolis, for appellant.

Pamela Carter, Attorney General, Anthony W. Overholt, Deputy Attorney General, Indianapolis, for appellees.

### *OPINION*

BARTEAU, Judge.

Stephanie Marsdem appeals from the decision of the Review Board of the Indiana Department of Workforce Development ("Review Board") denying her unemployment benefits. We affirm.

### *FACTS*

The Review Board adopted the findings of fact set forth by the administrative law judge, and we are bound by them. Ind.Code 22-4-17-12; *Marozsan v. Review Bd. of Ind. Employment Sec. Div.* (1982), Ind.App., 429 N.E.2d 986.

Marsdem was employed by CIC Enterprises (CIC) from July 12, 1993, to July 28, 1994. Her work schedule was Monday through Friday, 8:00 a.m. to 4:30 p.m. On April 23, 1994, Marsdem's daughter was injured in an automobile accident, which re-

quired her daughter to undergo therapy. In June, 1994, Marsdem requested reduced hours so that she could accompany her daughter to therapy. Marsdem's supervisor, Sean Jones, approved the request and her work hours were reduced to 8:00 a.m. to 2:00 p.m. She worked this reduced schedule for approximately two weeks.

Then, Marsdem advised Mr. Jones that the time of her daughter's therapy had been changed and that she could no longer work as scheduled. Marsdem requested a leave of absence for four weeks under the Family and Medical Leave Act. Mr. Jones informed her that she would have to obtain the approval of the personnel manager in order to take an extended leave. Marsdem did not obtain the approval of the personnel manager for her leave of absence.

Marsdem did not report to work after July 1, 1994. On July 19, 1994, CIC sent Marsdem a registered letter requesting that she contact CIC within 48 hours. Marsdem did not respond, although there is no evidence that she ever received the registered letter. On July 28, 1994, CIC sent Marsdem a termination letter. Marsdem received the letter, but did not respond to it.

### ISSUE

Whether the Review Board's findings of fact and conclusions of law support its determination that Marsdem was discharged for just cause.

### DISCUSSION

■ On review we must determine whether the decision of the Review Board is reasonable in light of its findings. *Cheatem v. Review Bd. of Ind. Dept. of Employment & Training Serv.* (1990), Ind.App., 553 N.E.2d 888, 891. Our review is limited to examination of the evidence and reasonable inferences drawn therefrom which would support the Review Board's decision. *Cheatem*, 553 N.E.2d at 891. The findings of the Review Board are conclusive unless reasonable persons, considering only the evidence supporting those findings, would be bound to reach a different conclusion. *Arvin North American v. Review Bd. of Ind. Dept. of Employment & Training Serv.* (1992), Ind. App., 598 N.E.2d 532, 538.

■ Marsdem first argues that the evidence fails to demonstrate that she was terminated for just cause. She contends that she was terminated solely because she did not respond to the employer's letter dated July 19, 1994, and that in the absence of any evidence demonstrating that she received the letter the employer cannot justifiably terminate her for her failure to respond to it. The employer bears the burden of demonstrating that the employee was terminated for just cause. *Moore v. Review Bd. of Ind. Employment Sec. Div.* (1984), Ind.App., 461 N.E.2d 737, 739.

■ The termination letter CIC sent to Marsdem on July 28, 1994 read:

A registered letter was sent to you dated on July 19, 1994 requesting you respond within 48 hours of receipt. We received no response from you. Therefore, your employment at CIC is no longer needed effective July 28, 1994.

R. 42. Reading this letter in isolation, it seems that Marsdem was, in fact, terminated because she failed to respond to a letter that she may have never received. However, to so construe the language of the letter would ignore the context in which it was written and the totality of the circumstances.

At the time the letter was drafted, Marsdem had been absent from work for twenty-eight days. The July 19, 1994 letter went unanswered, and Mr. Jones testified that Marsdem did not return his telephone calls. R. 22. The Review Board found that Marsdem's absence from work was not approved and not excused. Marsdem was justifiably terminated due to her unapproved absence from work.

■ Marsdem also argues that she was unjustifiably terminated because CIC failed to warn her that her absence from work would lead to termination. In support of this, she relies upon *Industrial Laundry v. Review Bd. of Ind. Employment Sec. Div.* (1970), 147 Ind.App. 40, 258 N.E.2d 160. However, the situation presented in *Industrial Laundry* was significantly different than the case at bar. In *Industrial Laun-*

*dry,* an employee was terminated because he was absent from work more often than his fellow employees. Therein, we noted that pre-termination warning to an often-absent employee served "to eliminate guesswork and justify the inference that continued absence or tardiness was the product of wilful or wanton indifference to the best interest of the employer." *Id.* 258 N.E.2d at 163 (citing *Thompson v. Hygrade Food Products Corp.* (1965), 137 Ind.App. 591, 210 N.E.2d 388). However, the *Industrial Laundry* decision also recognized that "repeated unexcused absences may be sufficient to justify an inference of wilful disregard of the employer's interests." *Id.* (citing *Merkle v. Review Bd. of Ind. Employment Sec. Div.* (1950), 120 Ind.App. 108, 90 N.E.2d 524).

There is no evidence indicating that Marsdem worked in an environment where employees regularly were absent from work for extended periods of time. There is no evidence that her fellow employees took similar extended leaves without reprisal, and Marsdem had no reason to believe that CIC would view her extended absence with anything but disfavor. To the contrary, the record clearly demonstrates that Marsdem was specifically advised that any leave of absence had to be approved by CIC's personnel manager. R. 23–24. And, the record supports the Review Board's finding that Marsdem's leave was not approved. R. 28–30.

■ Finally, Marsdem argues that the Review Board wrongfully determined that she was not eligible for a leave of absence under the Family and Medical Leave Act (FMLA). 29 U.S.C. § 2601 *et seq.* Marsdem concedes that she was not eligible for leave under the FMLA, due to the fact that she had not been employed by CIC for one year at the time of her absence. 29 U.S.C. § 2611(2)(A)(i), (ii); 29 C.F.R. 825.200(b). However, Marsdem argues that since CIC approved her leave prior to her one-year anniversary, the approval of her leave of absence under the FMLA could not be retracted. *See* 29 C.F.R. § 825.110(d).

The evidence does not support Marsdem's argument that CIC ever approved a leave of absence under the FMLA. Marsdem argues that her supervisor, Mr. Jones, approved her

leave under the FMLA. The Review Board determined that Mr. Jones did not approve the leave, and the evidence supports the Review Board's finding. Marsdem herself testified that Mr. Jones informed her that she would have to gain approval for the leave from the personnel manager. R. 23–24. And, we again note that the evidence supports the Review Board's finding that Marsdem never gained approval from the personnel manager. R. 28–30.

Marsdem also contends that CIC's approval for her to take leave under the FMLA may be implied from the fact that CIC permitted her to work a reduced schedule. The FMLA permits an employee to take leave under the Act by working a reduced schedule. 29 U.S.C. § 2612(b). But, Marsdem's own testimony is inconsistent with such a conclusion.

Marsdem testified that she first made a request for leave under the FMLA when she discussed with Mr. Jones the possibility of taking a one-month leave. R. 23–24. There is no evidence in the record that she made her request for reduced work hours under the FMLA, or that CIC granted her a reduced schedule under the FMLA. In the absence of any corroborating evidence, we will not hold that an employer granted extended leave under the FMLA to an employee who is otherwise not covered under the Act.

### *CONCLUSION*

Marsdem's arguments ask that we reweigh the evidence and substitute our judgment for that of the Review Board. That is something that we cannot do. *Citizens Gas & Coke Utility v. Review Bd. of Ind. Employment Sec. Div.* (1984), Ind.App., 471 N.E.2d 1175; *Scholl v. Review Bd. of Ind. Employment Sec. Div.* (1984), Ind.App., 461 N.E.2d 691. The evidence supports the findings and conclusions of the Review Board.

AFFIRMED.

BAKER and RUCKER, JJ., concur.