P.M.T., Inc., Appellant–Employer,

v.

REVIEW BOARD OF the INDIANA DEPARTMENT OF WORKFORCE DEVELOPMENT and L.A., Appellees–Claimants.

No. 93A02–1105–EX–389.

Court of Appeals of Indiana.

Nov. 1, 2011.

Robert J. Dignam, Michael L. Meyer, Merrillville, IN, Attorneys for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Elizabeth Rogers, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Employer P.M.T. appeals the Review Board of the Indiana Department of Workforce Development's ("Review Board") award of unemployment insurance benefits to employee L.A. P.M.T. argues that L.A.'s termination was for just cause because P.M.T.'s attendance policy is not unreasonable and L.A. knowingly violated the policy. We conclude that P.M.T.'s attendance policy was unreasonable because it neither provided exemptions for verified emergencies nor protected P.M.T. employees. We also conclude that L.A.'s absences were the result of circumstances beyond her control. Finding that the Review Board properly awarded unemployment insurance benefits to L.A., we affirm.

### Facts and Procedural History

L.A. worked as an ambulance dispatcher at P.M.T. from November 2005 until September 3, 2010. She was terminated from P.M.T. for excessive absences, having more than seven absences in a twelve-month period. L.A. requested leave through the Family Medical Leave Act ("FMLA") in March 2010 so that she could take care of her terminally ill husband. She used 471.03 of the 480 hours of FMLA leave and had accumulated six absences as of August 19, 2010.

After August 19, 2010, L.A. had two emergency absences. On August 20, 2010, L.A. broke out in a severe rash due to psoriasis, and on August 31, 2010, L.A. had to leave work abruptly when her son called and informed her that her husband was unconscious on the floor in their home. L.A. spent September 1 and 2, 2010, with her husband in the hospital while he underwent testing. These emergencies exhausted L.A.'s FMLA leave and put her over the seven allowed absences. P.M.T terminated L.A. due to excessive absences on September 3, 2010.

L.A. applied for unemployment insurance benefits, and on October 4, 2010, the Indiana Department of Workforce Development awarded her those benefits based on the finding that she was involuntarily unemployed due to a medical condition, that P.M.T. knew of the medical condition,

and that she made a reasonable effort to maintain the employment relationship. P.M.T. appealed the ruling, and Administrative Law Judge Constance M. Carter conducted a telephonic hearing. The ALJ determined that there was not just cause for L.A.'s termination and awarded unemployment insurance benefits because P.M.T.'s enforcement of the attendance policy was unreasonable.

P.M.T. appealed the ruling, and the Review Board vacated the ALJ's decision because the ALJ failed to establish whether any of L.A.'s absences were excused or exempted. The matter was remanded to the Appellate Division of the Department of Workforce Development for a de novo hearing. Administrative Law Judge Georgia C. McFarland conducted a telephonic hearing on January 31, 2011. The ALJ modified the prior ALJ's decision, awarding L.A. unemployment insurance benefits based on the findings that P.M.T.'s attendance policy was unreasonable as a matter of law and that P.M.T. failed to sufficiently maintain records showing L.A. knowingly violated the attendance policy. P.M.T. appealed the ruling to the Review Board.

On March 31, 2011, the Review Board affirmed as modified the ALJ's ruling that P.M.T.'s attendance policy was unreasonable as a matter of law. The decision stated, in part:

> Under the Employer's attendance policy, employees who receive seven occurrences in a twelve-month period are terminated. The only absences the policy excuses are consecutive days missed with a doctor's note and jury duty. In addition, the Employer's policy requires employees to schedule the use of paid time off two weeks in advance. The Employer's policy does not make allowances for verified emergencies.... The Employer's policy does not allow verified emergencies to be excused. The Employer's policy is not reasonable.

Appellant's App. p. 20.

P.M.T. now appeals.

### Discussion and Decision

P.M.T. raises two issues on appeal. First, it contends that its attendance policy is not unreasonable as a matter of law. Second, it contends that L.A. knowingly violated the attendance policy.

The Indiana Unemployment Compensation Act ("the Act") provides that any decision of the Review Board shall be conclusive and binding as to all questions of fact. Ind.Code § 22–4–17–12(a). When the Review Board's decision is challenged as contrary to law, the reviewing court is limited to a two-part inquiry into (1) the sufficiency of the facts found to sustain the decision and (2) the sufficiency of the evidence to sustain the findings of fact. Ind.Code § 22–4–17–12(f). Under this standard, courts are called upon to review: (1) determination of specific or basic underlying facts; (2) conclusions or inferences from those facts, or determinations of ultimate facts; and (3) conclusions of law. *McClain v. Review Bd. of Ind. Dep't of Workforce Dev.*, 693 N.E.2d 1314, 1317 (Ind.1998), *reh'g denied.* The Review Board's findings of basic fact are subject to a "substantial evidence" standard of review. *Id.* In this analysis, the appellate court neither reweighs the evidence nor assesses the credibility of witnesses and considers only the evidence most favorable to the Review Board's findings. *Id.* The Review Board's conclusions as to ultimate facts involve an inference or deduction based on the findings of basic fact. *Id.* Accordingly, they are typically reviewed to ensure that the Review Board's inference is "reasonable" or "reasonable in light of [the Review Board's] findings." *Id.* at 1318. Legal propositions are reviewed for their correctness. *Id.*

The Act was enacted to "provide for payment of benefits to persons unemployed through no fault of their own." Ind.Code § 22–4–1–1; *P.K.E. v. Review Bd. of Ind. Dep't of Workforce Dev.*, 942 N.E.2d 125, 130 (Ind.Ct.App.2011), *trans. denied.* An individual is disqualified for unemployment benefits if he or she is discharged for "just cause." Ind.Code § 22–4–15–1; *P.K.E.*, 942 N.E.2d at 130. As set forth in Indiana Code section 22–4–15–1,

> (d) "Discharge for just cause" as used in this section is defined to include but not be limited to:
>
> \*  \*  \*  \*  \*  \*
>
> (2) knowing violation of a reasonable and uniformly enforced rule of an employer, including a rule regarding attendance; . . . .

Notably, the statute does not prevent employers from terminating employees, but it does require just cause for the termination if the employee is to be ineligible for unemployment insurance benefits.

■ When an employee is alleged to have been discharged for just cause, the employer bears the burden of proof to make a prima facie showing of just cause. *P.K.E.*, 942 N.E.2d at 130. Once the employer meets its burden, the burden shifts to the employee to rebut the employer's evidence. *Id.*

P.M.T. contends that L.A. was discharged for just cause and is therefore ineligible for unemployment insurance. P.M.T. argues that its absenteeism policy was reasonable and that L.A. knowingly violated the policy, providing just cause for her termination. We disagree.

### A. Reasonableness of the Rule

■ To make a prima facie case of just cause for termination based on a violation of an employer attendance rule, "the employer must show that the employee: (1) knowingly violated, (2) a reasonable, and (3) uniformly enforced rule. An employer's attendance rule is reasonable . . . if the rule protects the interests of the employees as well as those of the employer." *Giovanoni v. Rev. Bd. of Ind. Dep't of Workforce Dev.*, 927 N.E.2d 906, 909 (Ind.2010) (citing *Jeffboat, Inc. v. Rev. Bd. of Ind. Emp't Sec. Div.*, 464 N.E.2d 377, 380 (Ind.Ct.App.1984) (citations omitted)).

■ A rule will not be deemed per se unreasonable if it subjects an employee to termination for excused as well as unexcused absences. *Jeffboat*, 464 N.E.2d at 380.

> It is permissible for an employer to utilize a 'no-fault' attendance policy and such policy may form an appropriate basis for discharge from employment. But when determining eligibility for unemployment benefits, the existence of such a policy does not obviate the statutory mandate to analyze whether, under the totality of the circumstances, an employee's absenteeism is the result of circumstances beyond that employee's control.

*Giovanoni*, 927 N.E.2d at 912. Therefore, the absence of exemptions for verified emergencies is a fair consideration when determining the reasonableness of a policy. *See Beene v. Rev. Bd. of Ind. Dep't of Emp't and Training Servs.*, 528 N.E.2d 842, 846 (Ind.Ct.App.1988).

The Review Board determined that P.M.T.'s attendance rule is unreasonable because there are no exceptions for verified emergencies or situations beyond the employee's control. Appellant's App. p. 20. Regardless of the reason, after an employee's seventh absence, he is subject to termination from P.M.T. *Id.* Jury duty is the one exception to an employee's absence total, and a doctor's note can reduce three or more consecutively missed days due to illness down to one absence, but it

will not completely exempt the absence. *Id.* If an employee wishes to use paid time off, he must schedule the absence two weeks in advance. *Id.*

This substantial evidence of a lack of exemptions for both extended personal illness and verified emergencies, such as L.A.'s two days missed to be with her terminally ill husband in the hospital, supports the Review Board's decision that P.M.T. failed to show that its attendance policy is reasonable.

■ Additionally, the policy in place at P.M.T. fails to protect its employees, as is required by the *Jeffboat* standard. Personal and family health issues are generally considered to be legitimate substantive reasons for missing work. *See White v. Rev. Bd. of Ind. Emp't Sec. Div.,* 151 Ind. App. 426, 280 N.E.2d 64, 67 (1972) ("Most every wage earner, at various periods during h[er] productive life, faces family emergencies and matters of urgent personal nature. Such absences may if reasonable and not habitual be excused."). L.A. was tending to those personal and family health issues when she missed work, and she was penalized for it by losing her job. Such a policy does not protect employees with legitimate reasons for an absence and is contrary to the stated intention of the legislature to "provide for payment of benefits to persons unemployed through no fault of their own." Ind.Code § 22–4–1–1. The Review Board properly found that P.M.T.'s attendance policy was unreasonable.

## B. Just Cause for Termination

■ The Review Board adopted the ALJ's determination that L.A. was not terminated for "just cause," as is required under Indiana Code section 22–4–15–1. P.M.T. contends that L.A.'s absences were a knowing violation of the attendance policy, giving the company just cause to terminate her. We disagree.

Our Supreme Court recently addressed the issue of termination for just cause in *Giovanoni,* 927 N.E.2d at 911 (requiring "an assessment of whether under the totality of the circumstances the claimant's violation of the employer's rule was volitional."). Taking into account the totality of the circumstances found by the ALJ and adopted by the Review Board, as is required by *Giovanoni,* L.A.'s absences were a result of circumstances beyond her control. Her husband was terminally ill and required her care and assistance at doctors' appointments, which were scheduled at the mercy of the doctors. The final two absences that led to her termination occurred when L.A.'s son found her husband unconscious on the floor in their home. L.A. spent two days with her husband in the hospital while he underwent testing— such circumstances can hardly be said to be within L.A.'s control.

Nevertheless, P.M.T. argues that *Whiteside v. Indiana Department of Workforce Development* makes L.A. ineligible for benefits because she was taking care of a family member and not dealing with her own medical issues. 873 N.E.2d 673 (Ind. Ct.App.2007). However, the facts in *Whiteside* are different than the present case. In *Whiteside,* the employee voluntarily left her job in order to take care of her disabled son, and in this case, L.A. missed days of work to care for her ill husband. L.A. is not seeking unemployment benefits after voluntarily leaving her job.

Additionally, *Whiteside* does not deal with the statutory provision at issue in this case, rather it deals with Indiana Code section 22–4–15–1(c). L.A. was not trying to qualify for an exception from disqualification from receiving unemployment insurance benefits; rather, she was trying to

collect benefits because she was terminated without just cause. The holding in *Whiteside* does not apply to this case.

The Review Board properly found that L.A. did not knowingly violate P.M.T.'s attendance policy, and therefore there was not just cause for her termination.

Affirmed.

FRIEDLANDER, J., and DARDEN, J., concur.