## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 30 2016, 5:52 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Mary M. Runnells
Bloomington, Indiana

Jacqueline B. Ponder
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
REVIEW BOARD

Gregory F. Zoeller
Attorney General of Indiana

Aaron T. Craft
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Company,<br>*Appellant,*<br><br>v.<br><br>Review Board of the Indiana Department of Workforce Development and C.H.,<br>*Appellees* | June 30, 2016<br><br>Court of Appeals Case No.<br>93A02-1511-EX-1941<br><br>Appeal from the Review Board of the Department of Workforce Development<br><br>Case No.<br>15-RB-1692 |

**Baker, Judge.**

[1]   Company appeals the decision of the Review Board of the Indiana Department of Workforce Development (the Review Board) affirming an administrative law judge's determination that C.H., a former employee of Company, is entitled to unemployment compensation. Finding no error, we affirm.

## Facts

[2]   C.H. worked as a laborer for Company, which operates a coal mine, between February 2014 and May 2015. Company has a written attendance policy stating, in relevant part, as follows:

> Attendance is a key factor in your job performance. . . . Excessive absence, whether excused or unexcused, tardiness, leaving earlier is unacceptable. An employee who cannot work a scheduled shift for any reason must contact the . . . office by 6:00 a.m. for the day shift employees and 3:00 p.m. for night shift employees.

Tr. p. 9-10. C.H. missed work on June 13, 2014, because of the birth of his son on June 11. He was late for work on March 21, May 7, and May 27, 2015, and stated that he had been late because his son was ill. Throughout this time, C.H. received verbal and written warnings regarding his attendance at work. On May 27, 2015, Company terminated C.H.'s employment because of his attendance issues.

[3]   C.H. sought unemployment compensation following the termination of his employment. On July 23, 2015, a claims deputy for the Department of Workforce Development determined that C.H. was entitled to unemployment compensation because he had not been discharged for good cause. Company

appealed that determination. Following a hearing, an administrative law judge (ALJ) affirmed the claims deputy's determination. Company again appealed, this time to the Review Board, and on October 9, 2015, the Review Board affirmed the ALJ's determination. The Review Board adopted the findings and conclusions of the ALJ, which read, in pertinent part, as follows:

> . . . Here, the [ALJ] concludes that the employer's attendance policy is not a rule but a guideline as it does not define excessive [absences] or provide any guidance to employees as to when termination may occur.

> The [ALJ] concludes that the employer discharged the claimant for unsatisfactory attendance. The claimant received verbal warnings and two written warnings regarding his attendance, specifically late arrivals. The [ALJ] concludes that the employer informed the claimant during the second written warning that his job was in jeopardy due to attendance issues. The claimant was late on May 27, 2015 due to his son being ill. The evidence shows that the other attendance issues related to the claimant's son's birth or the claimant's son's illnesses. As such, the [ALJ] concludes that the evidence shows the claimant had good cause for the absences and late arrivals, including the final attendance issue.

> Therefore, the [ALJ] concludes that the employer discharged the claimant but not for just cause . . . .

[4] Appellant's App. p. 6. Company now appeals.

# Discussion and Decision

## I.  Standard of Review

The decisions of the Review Board may be reviewed for legal error, but they are conclusive and binding as to all questions of fact.  Ind. Code § 22-4-17-12(a); *McClain v. Rev. Bd. of Ind. Dep't of Workforce Dev.*, 693 N.E.2d 1314, 1316-17 (Ind. 1998).  Our review is limited to the sufficiency of the facts supporting the decision and the sufficiency of the evidence to sustain the findings of fact.  I.C. § 22-4-17-12(f); *McClain*, 693 N.E.2d at 1317.  We will review the Review Board's findings of basic fact for substantial evidence, findings of ultimate fact (mixed questions of law and fact) for reasonableness, and legal conclusions de novo.  *Chrysler Group, LLC v. Rev. Bd. of Ind. Dep't of Workforce Dev.*, 960 N.E.2d 118, 122-23 (Ind. 2012).  In conducting our review, we will neither reweigh the evidence nor assess witness credibility.  *Id.* at 122.

## II.  Just Cause

A claimant who has been discharged from his employment for just cause is ineligible for unemployment benefits.  I.C. § 22-4-15-1-(a).  The fact that an employer may have had a legitimate reason to terminate the claimant's employment is not sufficient to establish just cause.  *Conklin v. Rev. Bd. of Ind. Dep't of Workforce Dev.*, 966 N.E.2d 761, 766 (Ind. Ct. App. 2012).  Instead, there are nine nonexclusive statutory grounds that may constitute discharge for just cause.  I.C. § 22-4-15-1(d)(1) – (d)(9).  In relevant part, the statute defines "discharge for just cause" as:

> (2)  knowing violation of a reasonable and uniformly enforced rule of an employer, including a rule regarding attendance;
>
> (3)  if an employer does not have a rule regarding attendance, an individual's unsatisfactory attendance, if good cause for absences or tardiness is not established . . . .

I.C. § 22-4-15-1(d). The Review Board found as follows: first, Company's attendance policy is not a uniformly enforced rule such that subsection (d)(2) applies; and second, C.H. had good cause for his absences and tardiness such that subsection (d)(3) does not apply. Company contends that both of these conclusions were erroneous.

## A.  Uniformly Enforced Attendance Rule

Subsection (d)(2) applies if substantial evidence establishes that (1) there was a rule; (2) the rule was reasonable; (3) the rule was uniformly enforced; (4) the claimant knew of the rule; and (5) the claimant knowingly violated the rule. *S.S. LLC v. Rev. Bd. of Ind. Dep't of Workforce Dev.*, 953 N.E.2d 597, 603 (Ind. Ct. App. 2011). In this case, the Review Board affirmed the ALJ's conclusion that Company's attendance policy is a guideline, not a rule.

This Court has held that "[v]iolation of a vague work rule that fails to provide employees notice of precisely what conduct could lead to termination is not just cause for discharge in the context of unemployment compensation." *Coleman v. Rev. Bd. of Ind. Dep't of Workforce Dev.*, 905 N.E.2d 1015, 1021 (Ind. Ct. App. 2009). An "open-ended standard" that fails to give employees "notice of what

precisely was prohibited and what was acceptable" under the policy does not constitute a rule for the purpose of subsection (d)(2). *Id.* To be considered a rule, the policy must be uniformly enforced such that it "is carried out in such a way that all persons under the same conditions and in the same circumstances are treated alike." *Gen. Motors Corp. v. Rev. Bd. of Ind. Dep't of Workforce Dev.*, 671 N.E.2d 493, 498 (Ind. Ct. App. 1996).

[9] Company's attendance policy contains the following statements:

- "Excessive absence, whether excused or unexcused, tardiness, leaving earlier is unacceptable." Tr. p. 9.
- "If an employee does not call in and report to someone that he or she will not be at work the absence will be considered unexcused. Unexcused absences can result in termination of employment." *Id.*

The policy does not define "excessive absence," nor does it explain at what point termination may occur for excessive excused or unexcused absences. Likewise, it does not state how many "unexcused absences" will, in fact, result in termination of employment. We find that the absence of clear, explicit explanations in this policy renders it impossible to enforce uniformly. Employees do not have notice of what, precisely, is prohibited and acceptable under this policy. Consequently, we agree with the Review Board that this

policy is a guideline, rather than a rule, such that subsection (d)(2) does not apply.[1]

## B.  Good Cause for Absences or Tardiness

Having affirmed the Review Board's conclusion that subsection (d)(2) does not apply, we must consider whether Company terminated C.H.'s employment for just cause under subsection (d)(3).  As noted above, subsection (d)(3) provides that where, as here, the employer does not have a "rule" regarding attendance, "an individual's unsatisfactory attendance" will constitute just cause for termination "if good cause for absences or tardiness is not established[.]"  I.C. 22-4-15-1(d)(3).  Here, the Review Board affirmed the ALJ's finding that C.H. had established good cause for his absences and tardiness.

As a general rule, "[p]ersonal and family health issues are generally considered to be legitimate substantive reasons for missing work."  *P.M.T. v. Rev. Bd. of Ind. Dep't of Workforce Dev.*, 956 N.E.2d 764, 768 (Ind. Ct. App. 2011).  We afford this latitude to employees because "'[m]ost every wage earner, at various periods during his productive life, faces family emergencies and matters of urgent personal nature.  Such absences may if reasonable and not habitual be

---

[1] Company directs our attention to multiple verbal and written warnings provided to C.H., arguing that he knew he would be terminated if he was tardy or absent again.  Our inquiry under subsection (d)(2) is an objective one, however, rather than a subjective one.  We must examine the language of the relevant policy on its face to determine whether it qualifies as a rule; consequently, any specific, subjective knowledge C.H. may have had is irrelevant to this inquiry.  *See Giovanoni v. Rev. Bd. of Ind. Dep't of Workforce Dev.*, 927 N.E.2d 906, 909 (Ind. 2010) (holding that "discharge for excessive absenteeism pursuant to an attendance policy analyzed under subsection (d)(2) does not . . . require . . . individualized analysis, but instead looks only to the reasonableness of the [employer's] rule").

excused.'" *Giovanoni*, 927 N.E.2d at 909 (quoting *White v. Rev. Bd. of Ind. Emp. Sec. Div.*, 151 Ind. App. 426, 431, 280 N.E.2d 64, 67 (1972)).

[12] Here, the record supports the finding that C.H. was absent on June 13, 2014, because of the birth of his son on June 11. He was late on March 21, May 7, and May 27, 2015. C.H. testified that he was late on May 27 because his son was ill and he was trying to decide whether to take him to the doctor. And although C.H. did not specifically remember the reasons for his tardiness on March 21 and May 7, he testified that "[n]ormally," if he was late, "it was because of my son. I just had him and it was around when he was teething and I was up all night with him over that or, you know, sickness. Things of that nature." Tr. p. 17. C.H.'s direct supervisor testified that there were other days C.H. was late, but the supervisor did not have specifics about which days those were or how many times it occurred. Thus, there is nothing in the record establishing that C.H. was absent or late aside from the above three dates.

[13] As noted above, we may not assess witness credibility on appeal. The ALJ found C.H.'s explanation for his absences and tardiness to be credible, and the Review Board affirmed that determination. We may not and will not second guess that. We find that the above evidence is sufficient to conclude that the Review Board's determination that C.H. established good cause for his attendance issues was reasonable.

[14] Company contends that even if we were to agree with the Review Board that C.H. had established good cause for his absences and tardiness, we should still

reverse because the absences were habitual and unreasonable. It has been established, however, that whether a claimant's absenteeism or tardiness for personal or family issues is chronic or habitual so as to make it unreasonable is a question of ultimate fact for the Review Board. *White*, 151 Ind. App. at 432, 280 N.E.2d at 67. As noted above, the only specific dates in the record are one absence and three days of tardiness within a fifteen-month period. While C.H. may have been absent or tardy on other days, without specific evidence as to how many times that occurred, we cannot conclude that the Review Board was unreasonable in determining that C.H.'s attendance issues were not habitual. Therefore, we decline to reverse for this reason.

[15] In sum, we find that the Review Board did not err by determining that Company did not terminate C.H. for just cause and, consequently, that C.H. is entitled to unemployment compensation.

[16] The judgment of the Review Board is affirmed.

May, J., and Brown, J., concur.