# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 13 2020, 10:43 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Sheila M. Sullivan
Flynn & Sullivan PC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
INDIANA DEPARTMENT OF
WORKFORCE DEVELOPMENT

Curtis T. Hill, Jr.
Attorney General

Frances Barrow
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

S.F.,

*Appellant,*

v.

Review Board of the Indiana
Department of Workforce
Development;
Federal Express Corporation,

*Appellees*

November 13, 2020

Court of Appeals Case No.
20A-EX-996

Appeal from the Review Board of
the Department of Workforce
Development

The Honorable Larry A. Dailey,
Chairperson

The Honorable Heather D.
Cummings, Member

Review Board No.
20-R-0369

**Vaidik, Judge.**

# Case Summary

[1] S.F. appeals the decision of the Review Board of the Indiana Department of Workforce Development affirming the decision of the Administrative Law Judge ("ALJ") that he was discharged for just cause and therefore not entitled to unemployment benefits. We reverse and remand.

# Facts and Procedural History

[2] S.F. worked as a manager at FedEx from April 15, 1996, to July 6, 2019. He was discharged on July 6, 2019, because he received "three letters of deficiencies within a 12 month period." Ex. p. 94.

[3] S.F. filed for unemployment benefits, and a claims investigator with the Department of Workforce Development found S.F. "was discharged due to a violation of [FedEx's] policy. [However,] [i]nformation available establishes the policy was not uniformly enforced." *Id.* at 4; *see* Ind. Code § 22-4-15-1(d)(2). The claims investigator concluded S.F. was not discharged for just cause and therefore entitled to unemployment benefits.

[4] FedEx appealed, and a hearing was held before an ALJ in October 2019. At the hearing, Linda Mallender, Senior Manager of Internal Operations at FedEx, testified about FedEx's progressive-discipline policy. Although FedEx didn't introduce the written policy into evidence, Mallender testified it consists of these six steps: (1) verbal counseling; (2) written counseling; (3) letter of

concern; (4) warning letter;[1] (5) performance reminder;[2] and (6) termination. According to Mallender, an employee is discharged if they receive three performance reminders **or** any combination of three warning letters and performance reminders in twelve months.[3] Mallender testified S.F. was discharged because he received three letters in twelve months: (1) a warning letter on April 11, 2019; (2) a performance reminder on June 15; and (3) a warning letter on June 19.

[5] S.F. testified about the circumstances of each letter and why he didn't think the letters were justified. He also testified FedEx doesn't discharge "everybody" who receives three letters in twelve months. Tr. p. 28. S.F. said he knew a manager, C.L., who received "three letters" in twelve months but was allowed to "step down" to an hourly position. *Id.* S.F. testified if C.L. hadn't stepped down, he would've been discharged. *Id.* at 29. S.F. said after he received his second letter, he asked Mallender if he could step down, but she said he didn't need to do so because he would be "fine." *Id.* at 28.

[6] Mallender took the stand again and disputed S.F.'s testimony that he asked her about stepping down:

---

[1] A warning letter is for "unacceptable conduct." Tr. p. 12.

[2] A performance reminder is for "not performing their job." *Id.*

[3] However, Mallender testified an employee can be terminated for receiving just one warning letter "depending on the severity . . . of the infraction." *Id.* at 21.

> [A]t no time did [S.F.] come and ask me if he could step down, because had he had done that, then I would've gone back to H.R., and my Director, and talked to them.

*Id.* at 32. Although Mallender didn't know "why [C.L.] received his letters, or what they were about," she acknowledged C.L. was still employed at FedEx and didn't otherwise dispute S.F.'s claim that managers may step down to an hourly position after receiving three letters in twelve months. *Id.*

[7] On October 29, the ALJ issued a decision reversing the claims investigator's award of unemployment benefits. Ex. pp. 53-56. S.F. appealed this decision to the Review Board, and the Review Board, for reasons not relevant here, remanded the case for the ALJ to "rewrite her decision" and hold a hearing if necessary. *Id.* at 61.

[8] The ALJ conducted a second hearing in February 2020. S.F. appeared by counsel. Because S.F. was now represented by counsel, FedEx declined to participate. *See* Tr. pp. 36-41. S.F. testified that just because an employee receives three letters in twelve months doesn't mean they are "automatically" discharged. *Id.* at 44. S.F. again discussed C.L., who was "going to be let go, [but FedEx] allowed him to step down into an hourly job." *Id.* S.F. said other managers were allowed to step down, but he couldn't remember their names. *Id.* During closing statement, S.F.'s attorney argued FedEx's policy that an employee is discharged after receiving three letters in twelve months was not uniformly enforced because FedEx allowed managers to step down to an hourly position after receiving three letters in twelve months. *Id.* at 54.

[9] On February 21, the ALJ again issued a decision reversing the claims investigator's award of unemployment benefits. Specifically, the ALJ found that "[a]ll employees who had received three letters of deficiencies within a 12 month period have been discharged." Ex. p. 92. The ALJ then concluded FedEx "uniformly enforced the policy," S.F. knowingly violated the policy because he received three letters in twelve months, each letter was justified, and therefore S.F. was discharged for just cause. *Id.* at 93.

[10] S.F. appealed the ALJ's decision to the Review Board, which adopted the ALJ's findings and conclusions and affirmed the ALJ. Appellant's App. Vol. II p. 32.

[11] S.F. now appeals.

# Discussion and Decision

[12] The Indiana Unemployment Compensation Act provides that any decision of the Review Board is conclusive and binding as to all questions of fact. Ind. Code § 22-4-17-12(a). Review Board decisions may be challenged as contrary to law, in which case we examine the sufficiency of the facts found to sustain the decision and the sufficiency of the evidence to sustain the findings of facts. I.C. § 22-4-17-12(f). Under this standard, we review (1) findings of basic fact to ensure "substantial evidence" supports those findings, (2) conclusions of law for correctness, and (3) inferences or conclusions from basic facts, often called

"mixed questions of law and fact," for reasonableness. *Q.D.-A., Inc. v. Ind. Dep't of Workforce Dev.*, 114 N.E.3d 840, 845 (Ind. 2019).

[13] S.F. contends "[t]he record does not support the [Review] Board's decision that [he] was discharged for just cause." Appellant's Br. p. 11. A claimant discharged from employment for just cause is ineligible for unemployment benefits. I.C. § 22-4-15-1(a). "Discharge for just cause" includes a "knowing violation of a reasonable and uniformly enforced rule of an employer, including a rule regarding attendance." *Id.* at (d)(2). Subsection (d)(2) applies if substantial evidence establishes that (1) there was a rule; (2) the rule was reasonable; (3) the rule was uniformly enforced; (4) the claimant knew of the rule; and (5) the claimant knowingly violated the rule. *Co. v. Review Bd. of Ind. Dep't of Workforce Dev.*, 58 N.E.3d 175, 178 (Ind. Ct. App. 2016). "[A]n employer's asserted work rule must be reduced to writing and introduced into evidence to enable this court to fairly and reasonably review the determination that an employee was discharged for 'just cause'" under subsection (d)(2). *Reed v. Review Bd. of Ind. Dep't of Workforce Dev.*, 32 N.E.3d 814, 823 (Ind. Ct. App. 2015).

[14] S.F. makes two arguments on appeal. First, he argues FedEx's progressive-discipline policy wasn't uniformly enforced because other managers were allowed to step down to an hourly position after receiving three letters in twelve months. Second, he argues that even if the policy was uniformly enforced, he didn't "knowingly violate" it because his three letters weren't justified.

Appellant's Br. p. 13. Because we find the first issue dispositive, we don't address the second.

[15] The reason for requiring uniform enforcement of a rule is to (1) give notice to employees about what punishment they can reasonably anticipate if they violate the rule and (2) protect employees against arbitrary enforcement. *Coleman*, 905 N.E.2d at 1020. A uniformly enforced rule is carried out so all persons under the same conditions and in the same circumstances are treated alike. *Reed*, 32 N.E.3d 814, 823 (Ind. Ct. App. 2015).

[16] We first note it's difficult for us to say what FedEx's progressive-discipline policy states. This is because FedEx didn't introduce its written policy into evidence at the hearing. In addition, FedEx didn't participate in the second hearing, when S.F. gave additional testimony about FedEx's policy.[4] Had FedEx participated, perhaps the record would be clearer on this point. In any event, S.F. claims the ALJ's finding that "[a]ll employees who had received three letters of deficiencies within a 12 month period have been discharged" is not supported by substantial evidence. He highlights that other managers, including C.L., were allowed to step down to an hourly position after receiving three letters in twelve months. At the first hearing, Mallender didn't dispute S.F.'s testimony that C.L. had been allowed to step down; rather, she claimed S.F. didn't ask her. But as S.F. points out on appeal, Mallender's testimony that

---

[4] FedEx also has not filed a brief in this case.

S.F. didn't ask her is "further evidence that such an exception to the rule existed." Appellant's Reply Br. p. 5. And S.F. testified at the second hearing that more managers had been allowed to step down, and FedEx wasn't present to dispute this claim. We agree with S.F. that substantial evidence doesn't support the ALJ's finding that "all" employees who receive three letters in twelve months are discharged, which is the basis of the ALJ's conclusion that FedEx uniformly enforced its policy. Accordingly, the record lacks substantial evidence that S.F. was discharged for just cause. We reverse the Review Board's denial of unemployment benefits and remand for further proceedings.

[17] Reversed and remanded.

Bailey, J., and Weissmann, J., concur.